UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID SIMPKINS,

                        Petitioner,                ORDER

    -against-
                                                          13-CV-3228

PEOPLE OF THE STATE OF NEW YORK,

                        Respondent.
-----------------------------------------------------------------X
John Gleeson, United States District Judge:

        On May 20, 2013, David Simpkins, proceeding *pro se*, filed this petition under 28 U.S.C. § 2254 seeking two forms of relief. First, he seeks an order vacating or reversing the decisions of the New York Appellate Division denying his application for a writ of error *coram nobis*. *People v. Simpkins*, 102 A.D.3d 815 (2d Dep't 2013), Order Denying Leave, N.Y. Court of Appeals, May 8, 2013. Specifically, Simpkins alleges that the state court erroneously concluded that he failed to establish ineffective assistance of appellate counsel and that he was "deprived of fair process" in the proceeding. Petition 2, ECF No. 1. Second, Simpkins seeks an order vacating the underlying judgment of conviction entered by the Nassau County Court in 2006.[1]

A.    *Challenge to* Coram Nobis *Proceeding*

        Simpkins bring his claim pursuant to 28 U.S.C. 2254(a), which provides a form of relief for persons held in custody pursuant to the judgment of a State court "in violation of the Constitution or laws or treaties of the United States." A Section 2254 petition is not a proper vehicle for challenging deficiencies in a state court post-conviction proceeding, as neither the

---

[1] Petitioner lists the date of his Nassau County conviction as May 8, 2012. This appears to be a typographical error, as the underlying judgment of conviction in Nassau County Court was entered on May 8, 2006. *People v. Simpkins*, 45 A.D.3d 704 (2d Dep't 2007).

Constitution nor federal law requires that states provide post-conviction remedies. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner has no constitutional right to counsel in collateral attack on his conviction); *Word v. Lord*, 648 F.3d 129, 131-32 (2d Cir. 2011) (per curiam) (holding that errors in state post-conviction proceedings are not cognizable in a federal habeas petition); *Bossett v. Smith*, No. 12 Civ 4902, 2012 WL 6676273, at *2 (E.D.N.Y., Dec. 21, 2012) (alleged error in a collateral proceeding in state court is not cognizable on federal habeas review) (citation omitted)); *Cruz v. Smith*, No. 05 Civ 10703, 2010 WL 582348, at *29 (S.D.N.Y. Feb. 17, 2010) ("As no constitutional provision requires a state to grant post-conviction review, most federal courts have rejected due process claims arising out of the conduct of state post-conviction proceedings, holding that such claims are not cognizable on habeas review.") (citation omitted)).

In light of the above authority, the portion of Simpkins's petition seeking vacatur of the state court's decision on his *coram nobis* petition and raising due process challenge to the proceeding is dismissed.

B.  *This Court Lacks Jurisdiction to Consider a Successive Habeas Petition*

On July 31, 2008, this Court denied Simpkins's petition for a writ of habeas corpus challenging his underlying conviction and sentence. *Simpkins v. The People of The State of New York*, 08 Civ 1086, 2008 WL 2986473 (E.D.N.Y., July 31, 2008). The present petition challenges the same conviction and sentence. As such, the present petition is a successive habeas petition within the meaning of § 2255, which provides:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

2

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Since this Court lacks jurisdiction to review of a second or successive habeas petition unless the petitioner has first received permission from the Court of Appeals, the Clerk of Court is directed to transfer the motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (per curiam).

This order closes this case. If the Second Circuit authorizes Simpkins to proceed in this matter, he shall move to reopen under this docket number.

So ordered.

John Gleeson
United States District Judge

Dated: Brooklyn, New York
June 14, 2013